**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robby O. JAMES, a.k.a. Tony Johnson,
Defendant–Appellant.**

**No. 03–13320
Non–Argument Calendar.
D.C. Docket No. 02–00431–CR–1–1.**

United States Court of Appeals,
Eleventh Circuit.

April 14, 2006.

Robert C. McBurney, Amy Levin Weil, Office of U.S. Attorney, Atlanta, GA, for Plaintiff–Appellee.

Lynn Gitlin Fant, Marietta, GA, for Defendant–Appellant.

Before EDMONDSON, Chief Judge, TJOFLAT and MARCUS, Circuit Judges.

**ON REMAND FROM THE SUPREME
COURT OF THE UNITED
STATES**

PER CURIAM:

This case is before the Court for consideration in the light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We previously affirmed Appellant's convictions and sentences for conspiracy to commit access device fraud, 18 U.S.C. § 371, access device fraud, 18 U.S.C. § 1029, and social security number fraud, 18 U.S.C. § 2, 42 U.S.C. § 408. *See United States v. James*, 126 Fed.Appx. 462 (11th Cir.2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in the light of *Booker*.

In his initial brief on direct appeal, Appellant did not assert error based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or any case extending or applying the *Apprendi* principle. Appellant, however sought permission to file a supplemental brief to present additional arguments about *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We denied Appellant's motion.

In *United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir.2005), a case with a procedural history similar to this one, we wrote that *Booker* did not require us to alter our prior decision because Sears did not raise a *Booker* issue in his initial brief, he was denied leave to file a supplemental brief raising *Booker*, and nothing in the Supreme Court's remand order demanded a different conclusion. The same reasoning applies in this case.

Appellant did not assert error based on *Apprendi* (or its progeny) in his initial brief on appeal. We, thus, reinstate our previous opinion in this case and affirm Appellant's convictions and sentences after our reconsideration in the light of *Booker*, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.**